**EDWARD M. ROBINSON (CA Bar 126244)**
21515 Hawthorne Blvd, Suite 730
Torrance, CA 90503
Office:  (310) 316-9333
Facsimile: (310) 316-6442
eroblaw@gmail.com

Attorneys for Defendant
*Jason Dee Taylor*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JASON DEE TAYLOR, <br><br> Defendant. | Case No. 20-cr-00191-JGB <br><br> **DEFENDANT JASON DEE TAYLOR'S SENTENCING MEMORANDUM** <br><br> DATE: February 7, 2022 <br> TIME: 2:00 PM <br> Courtroom of the <br> Honorable Jesus G. Bernal |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................... 1

OFFENSE CONDUCT .............................................................................................. 1

ADVISORY GUIDELINE CALCULATION............................................................ 1

OBJECTIONS TO THE ADVISORY SENTENCING GUIDELINES ......................... 1

18 U.S.C. § 3553 ...................................................................................................... 2

    I.    Application of 18 U.S.C. § 3553 .......................................................... 3

    II.    A Ten-Year Sentence Implicates the Eighth Amendment ................... 5

CONCLUSION........................................................................................................... 6

ii

# TABLE OF AUTHORITIES

**Cases**

*Gall v. United States*,
   552 U.S. 38 (2007)................................................................................ 3

*Kennedy v. Louisiana*,
   554 U.S. 407 (2008).............................................................................. 5

*Kimbrough v. United States*,
   522 U.S. 85 (2007)................................................................................ 2

*Tapia v. United States*,
   564 U.S. 319 (2011).............................................................................. 3

*United State v. Cole*,
   622 F. Supp. 2d 632 (N.D. Ohio 2008) ............................................... 4

*United States v. Kiefer*,
   760 F.3d 926 (9th Cir. 2014) ............................................................... 2

*United States v. Martin*,
   278 F.3d 988 (9th Cir. 2002) ............................................................... 2

*United States v. Rodriquez*,
   527 F.3d 221 (1st Cir. 2008)................................................................ 3

*Weems v. United States*,
   217 U.S. 349 (1910).............................................................................. 5

**Statutes**

18 U.S.C. § 2422 ........................................................................................ 2

18 U.S.C. § 3553........................................................................................passim

iii

## INTRODUCTION

In order to preserve Mr. Taylor's previously raised constitutional objections, counsel for Mr. Taylor lodges the following: objections to the application of the advisory sentencing guidelines, 18 U.S.C. § 3553 analysis, as well as his Eighth Amendment claim.

## OFFENSE CONDUCT

Mr. Taylor objects to the offense conduct sections set forth in paragraphs 7 through 16 on the grounds that the conduct does not include the evidence that this Court excluded which establishes that the minor did not have her will transformed or overcome. (Doc. 126, Exhibit A.)

## ADVISORY GUIDELINE CALCULATION

In the Presentence Report (PSR), the probation office calculates Mr. Taylor's base offense level at 30. (PSR ¶ 25.) The probation office applies a two-level upward adjustment for use of a computer pursuant to U.S.S.G. § 2G1.3(b)(3)(B) and a two-level upward adjustment for engaging in a commercial sex act with a 15-year-old minor victim. (PSR ¶¶ 29-30.) Thus, the total offense level is calculated at 34. With a criminal history category I, the probation office calculates a guideline sentence range of 151 to 188 months.

## OBJECTIONS TO THE ADVISORY SENTENCING GUIDELINES

In Paragraph 25, the probation office, based on the counts of conviction, determined that a base offense level of 30 applies. That base offense level, with a criminal history category of I renders an advisory sentencing range of 97 to 121 months. This advisory range based upon the count of conviction is clearly calibrated to apply to the 10-year statutory mandatory minimum. U.S.S.G. § 2G1.3(a)(1)-(4) sets forth four base offense levels depending on the count of conviction. Mr. Taylor's offense conduct, including the conduct excluded by this Court and referenced above as well as in Document 126, highlights the fact that Mr. Taylor did not transform or overcome the will of the minor. He was responding to an advertisement by the minor

who had set up a profile on this website and who clearly intended to persuade Mr. Taylor and others to be her "sugar daddy." With these facts in mind, and as argued in Mr. Taylor's request for jury instructions that would allow him to raise this defense, the true offense conduct is more akin to a California Penal Code § 288 or § 261.5 offense. With Mr. Taylor's lack of criminal history, it is likely that Mr. Taylor would, at most, have received a prison term of 48-months in state court. As such, Mr. Taylor asks that this Court determine that the lowest base offense level under U.S.S.G. § 2G1.3(a)(4) applies, which is level 24. The range applicable to a base offense level 24, with a criminal history category I is 51 to 63 months.

Mr. Taylor objects to the two-level upward adjustment for the use of a computer applied at paragraph 28. Impermissible double counting occurs "when one part of the guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the guidelines." *United States v. Martin*, 278 F.3d 988, 1004 (9th Cir. 2002).

The fact that Mr. Taylor used a computer to communicate with the minor is accounted for by the base offense level calculation. As alleged in the indictment, Mr. Taylor "used facilities and means of interstate and foreign commerce, namely, a computer, a cellular phone, and the Internet, to knowingly persuade, induce, entice, and coerce an individual […]" in violation of 18 U.S.C. § 2422(b).[1]

## 18 U.S.C. § 3553

18 U.S.C. § 3553(a) requires that a sentencing court impose a sentence that is "sufficient but not greater than necessary" to achieve the goals of sentencing. *Kimbrough v. United States*, 522 U.S. 85, 90 (2007). The sentencing factors, which must be analyzed against the parsimony clause of 18 U.S.C. § 3553(a) represent the

---

[1] Mr. Taylor recognizes that the Ninth Circuit disagrees with this analysis but preserves his position for appeal. *See United States v. Kiefer*, 760 F.3d 926, 930-931 (9th Cir. 2014). As the District Court in *Kiefer* aptly noted, "I think that's an issue that just hasn't caught up with the reality and the technology of the times, and I think it's penalizing defendant for the same conduct twice given his method of choice." (*See* case no. 13-50182, Doc. 5-1, p. 25.)

2

major sentencing considerations of "retribution, deterrence, incapacitation, and rehabilitation." *Tapia v. United States*, 564 U.S. 319, 325 (2011). While the Guideline sentencing Range is a "starting point and initial benchmark," the Guidelines are not the sole, nor even the first among the factors that Congress has commanded the court to apply pursuant to Section 3553(a). *Gall v. United States*, 552 U.S. 38, 49 (2007). Instead, in reaching a decision on what constitutes an appropriate sentence, the district court should "consider all relevant factors" and "construct a sentence that is minimally sufficient to achieve the broad goals of sentencing." *United States v. Rodriquez*, 527 F.3d 221, 228 (1st Cir. 2008) (emphasis supplied.)

## I.      **Application of 18 U.S.C. § 3553**

With respect to the nature and circumstances of the offense, as argued in Mr. Taylor's supplement to the government's motion *in limine*, (*see* Doc. 126), Mr. Taylor maintains his position that the minor's will was not transformed or overcome. Nor was the minor coerced. To the contrary, the minor set up her profile online and initiated contact with Mr. Taylor. Given the Court's rulings, Mr. Taylor was unable to present this evidence at trial. This evidence is, however, highly relevant in considering an appropriate sentence for Mr. Taylor.

With respect to Mr. Taylor's personal history and characteristics, Mr. Taylor has no criminal history. (PSR ¶ 44.) Despite his difficult upbringing, he did well in school and obtained his degree from UC Berkeley. (PSR ¶ 59.) Mr. Taylor is married, and his wife has supported him throughout these proceedings. (PSR ¶¶ 60-64.) Unfortunately, Mr. Taylor's history of substance abuse was a contributing factor in his life devolving and leading to his current situation. (PSR ¶¶ 70-75.)

As the United States Supreme Court said in *Gall v. United States*, 552 U.S. 38, 54 (2007), approving the district court's conclusion, "a sentence of imprisonment may work to promote not respect but derision of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing." Here, given the mitigating circumstances that

3

Mr. Taylor has repeatedly raised throughout this litigation, a guideline sentence would be excessively punitive and would fail to promote respect for the law as required under 18 U.S.C. § 3553.

With respect to deterrence, while Mr. Taylor acknowledges the necessity of a period of incarceration to deter others, a sentencing guideline range in this case would be far too harsh and would fail to deter either Mr. Taylor or others. Although this Court must consider both general and individual deterrence, two very important examinations of the concepts must be considered. First, the anecdotal notion that longer sentences have a greater general deterrent effect is belied by empirical and academic findings. The United States Sentencing Commission has found that "[t]here is no correlation between recidivism and Guidelines' offense level. Whether an offender has a low or high Guideline offense level, recidivism rates are similar. While surprising at first glance, this finding should be expected. The Guidelines' offense level is not intended or designed to predict recidivism." See U.S. SENTENCING COMM'N, MEASURING RECIDIVISM: THE CRIMINAL HISTORY COMPUTATION OF THE FEDERAL SENTENCING GUIDELINES, at 15 (2004). To sentence Mr. Taylor to a guideline term of imprisonment to deter the community is unnecessary and unjust.

The second, and more relevant consideration deals with the tension between general and individual deterrence. In a case like this, it is not right, given the individualized nature of sentencing, to imprison him for an extensive period of time to set an example for others. As the district court stated in *United State v. Cole*, 622 F. Supp. 2d 632 (N.D. Ohio 2008), "[g]eneral deterrence uses a utilitarian calculation, subjecting defendants to longer periods of incarceration than retribution requires to 'send a message' to other potential offenders. Inherent in this general deterrence calculation is a tension between individual dignity and societal good, begging the question: Is it ethical to impose a greater-than necessary punishment upon an individual criminal defendant to protect society at large?"

4

Finally, 18 U.S.C. § 3553(a)(6) states that one of the factors in sentencing to which the parsimony clause applies is Mr. Taylor's sentence must be one that will "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Here, a sentence within the guideline range would create enormous unwarranted disparities with similarly situated defendants who are generally prosecuted in the state court, where a typical sentence for this conduct is maximum 48 months. It must be noted that the state prosecutors did not prosecute Mr. Taylor under the California Penal Code section for violating human trafficking laws, but instead elected to charge him with child molestation crimes that, without conceding guilt, more accurately conform to Mr. Taylor and the minor's conduct.[2]

## II.   A Ten-Year Sentence Implicates the Eighth Amendment

"[T]he Eighth Amendment's protection against excessive or cruel and unusual punishments flows from the basic precept of justice that punishment for [a] crime should be graduated and proportioned to [the] offense. '" *Kennedy v. Louisiana*, 554 U.S. 407, 419 (2008); *quoting Weems v. United States*, 217 U.S. 349, 367 (1910).

Here, because the facts of this case do not closely match the offense charged, Mr. Taylor faces a mandatory minimum of 10 years. The retribution for Mr. Taylor's conviction cannot be particularly tailored to him by the fact that he has no criminal history. The Court cannot reduce his sentence based upon the fact that there Mr. Taylor did not coerce or overcome the minor's will. This arbitrary 10 years is too harsh for Mr. Taylor. It overstates the seriousness of his conduct, particularly given that this conduct would result in around a 48-month sentence in state court, and its imposition fosters a

---

[2] Mr. Taylor respectfully requests that this Court take judicial notice of the following California Penal Code Sections and corresponding sentencing ranges: California Penal Code §261.5(d) (punishment of imprisonment in county jail not exceeding one year); California Penal Code § 287(b)(2) (sentencing range of 16 month, 2 years, or 3 years); California Penal Code § 288.3(a) (sentencing range of 16 month, 2 years, or 3 years); and California Penal Code § 288.4(b) (sentencing range of 2 years, 3 years, or 4 years).

5

belief that the law is not just and therefore not likely to be respected but more to be feared.

## CONCLUSION

For the reasons set forth above, as well as those set forth in the record of this case, counsel for Mr. Taylor respectfully requests that this Court impose a sentence of 36 months.

Respectfully submitted,

DATED:  January 21, 2022            By  */s/ Edward M. Robinson*

Edward M. Robinson

Attorneys for Defendant
*Jason Dee Taylor*